**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000958
15-MAR-2013
08:46 AM**

CAAP-11-0000958

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JUANA KERR, Petitioner-Appellant,
v.
GILBERT SILVA, Respondent-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KO'OLAU POKO DIVISION
(CIVIL NO. 1SS10-1-00840)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Fujise, JJ.)

Petitioner-Appellant Juana Kerr (Kerr) appeals from the "Decision and Order Denying Petition for Injunction Against Harassment" (Order Denying Petition) filed on November 16, 2011, in the District Court of the First Circuit (District Court).[1] On appeal, Kerr contends that the District Court erred by: (1) making conflicting statements in support of its decision; (2) ignoring evidence; and (3) creating evidence. As explained below, we conclude that Kerr's contentions are without merit, and we affirm the District Court.

I.

A.

Respondent-Appellee Gilbert Silva (Silva) is the owner of residential property (Premises) in Kāne'ohe. Silva is the

---

[1] The Honorable Steven M. Nakashima presided.

cousin of Kerr's husband, Teddy Kerr (Teddy). In May 2008, Silva permitted Teddy's family, which included Teddy, Kerr, and their children (Kerrs), to live with Silva at the Premises on a temporary basis after the Kerrs had been evicted from their residence by other family members. Initially, Silva permitted the Kerrs to live rent free, but when their stay became prolonged, it was agreed that the Kerrs would pay rent and a portion of the utility bills. In November 2009, Silva told Teddy that the Kerrs needed to move out by February 2010 because Silva planned to begin renovations on the Premises. When the Kerrs did not move out as requested, Silva initiated an eviction action.

However, before Silva could serve a summons in the eviction action on the Kerrs, Teddy obtained an ex parte temporary restraining order (TRO) against Silva. The TRO was dissolved on July, 13, 2010, and on July 14, 2010, Silva and his brother went to the Kerrs' portion of the Premises to serve Teddy with an "eviction notice." Teddy refused to accept service.

Words were exchanged between Teddy and Silva, and Kerr joined in the argument. While Silva was attempting to return to his portion of the Premises, Kerr stepped in his path. As the District Court observed, both Silva and Kerr "are not skinny people and their bellies protrude somewhat." Silva and Kerr made contact with each other, but the extent of that contact was disputed. Kerr and members of her family testified that Silva "body slammed" her across the room; Silva testified that he came into slight contact with Kerr with his belly. Kerr also stated that she suffered injuries as a result of the contact, which required treatment at the emergency room.

B.

The District Court found that based on the testimony presented, there was contact between Silva and Kerr that was sufficient to cause Kerr to go backwards and lose her balance. It further found, however, that "while there is conflicting testimony on this point, the Court gives credence to Respondent Silva that at no time did he intend to come in contact with

2

Petitioner Kerr and there was never any intent to cause injury or distress to Petitioner Kerr."

The District Court stated:

> [T]he Court's conclusion is that even if Petitioner Kerr may have suffered injuries, the Court gives credence to the testimony of Respondent Silva that he never intended to come in contact with Petitioner Kerr. The Court gives credence to that portion of Respondent Silva's testimony that he was intending to walk towards his portion of the house. The Court also gives credence to Respondent Silva's testimony that he had no interest in talking to Petitioner Kerr, that Respondent Silva was intending to go to his portion of the house and he did not expect Petitioner Kerr to step into his path when the contact between the two occurred. Thereafter, Petitioner Kerr's balance was sufficiently affected so that she ended up falling backwards and catching herself at the end of the couch.

Based on its determination that Silva did not intend the physical contact that occurred between Silva and Kerr, the District Court concluded that there was no basis to issue the injunction against harassment sought by Kerr against Silva, and it denied Kerr's petition for injunction against harassment.

II.

We are guided by the following principles in reviewing a trial court's factual determinations:

> It is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact; the judge may accept or reject any witness's testimony in whole or in part. As the trier of fact, the judge may draw all reasonable and legitimate inferences and deductions from the evidence, and the findings of the trial court will not be disturbed unless clearly erroneous. An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge.

State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996) (citations omitted).

"[O]n appeal, this court will not attempt to reconcile conflicting evidence, or interfere with a [trial court's] decision based on the credibility of witnesses or the weight of the evidence." State v. Yamada, 116 Hawai'i 422, 442, 173 P.3d 569, 589 (App. 2007) (format altered and citation omitted). "It is the province of the [trial court], not the appellate courts,

3

to determine the credibility of witnesses and the weight of the evidence." State v. Smith, 106 Hawai'i 365, 372, 105 P.3d 242, 249 (App. 2004).

### III.

Kerr's claims of error on appeal all boil down to an attack on the District Court's credibility determinations, the inferences it drew from the evidence, and the weight it assigned to the evidence. For example, Kerr claims that the District Court ignored testimony because it believed Silva over other witnesses. Kerr contends that the District Court created evidence because it drew inferences over how the contact between Silva and Kerr occurred based on the evidence presented. Kerr also claims that the "[District Court] made conflicting statements" because it found that Silva did not intend to harm Kerr, even though Silva testified he was angry at Kerr.

We conclude that under the applicable standard of review, Kerr's challenges to the District Court's assessment of the evidence is unavailing. It was the province of the District Court, as the trier of fact, to determine the credibility of the witnesses, draw inferences from the evidence, and decide what weight to give to the evidence. There was substantial evidence to support the District Court's findings.

### IV.

We affirm the District Court's Order Denying Petition.

DATED: Honolulu, Hawai'i, March 15, 2013.

On the briefs:

Anthony P. Locricchio
for Petitioner-Appellant

Michael W. Gibson
Michael R. Vieira
(Ashford & Wriston
A Limited Liability Law
Partnership LLP)
for Respondent-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Alexa D. M. Fujise*
Associate Judge

4